FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAYMOND REUDY; MARK KEVIN
HICKS, DBA Advertising Display
Systems,

        Plaintiffs - Appellants,

  v.

CLEAR CHANNEL OUTDOOR, INC., a
Delaware corporation,

        Defendant - Appellee.

No. 09-15986

D.C. No. 3:02-cv-05438-SC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, Senior District Judge, Presiding

Argued and Submitted November 5, 2010
Submission withdrawn November 9, 2010

Resubmitted April 18, 2011
San Francisco, California

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: ALARCÓN and RYMER, Circuit Judges, and KENNELLY, District Judge.[**]

Raymond Reudy and Kevin Hicks, dba Advertising Display Systems ("ADS"), filed this action in state court. Clear Channel Outdoor, Inc. ("Clear Channel") removed the matter to the United States District Court for the Northern District of California based on diversity jurisdiction. ADS appeals from the district court's order denying its motion to remand and granting Clear Channel's motion to dismiss with prejudice its claims brought under California's unfair competition law, California Business & Professions Code § 17200 et seq. (the "UCL"). On November 9, 2010, we issued an order vacating submission of this matter and remanding to the district court for the limited purpose of requesting the district court to enter an order clarifying the basis for the dismissal of this action with prejudice. On November 29, 2010, in response to this Court's order, the district court filed an order clarifying that it had relied on California's doctrine of equitable abstention in dismissing this action with prejudice. On that basis, we affirm the dismissal of this matter with prejudice.

**I**

ADS contends the district court erred in abstaining from reviewing the

---

[**]The Honorable Matthew F. Kennelly, District Judge for the U.S. District Court for Northern Illinois, Chicago, sitting by designation.

merits of this action and dismissing it with prejudice. "We review whether the requirements for abstention have been met *de novo*, and the district court's decision whether to abstain for an abuse of discretion." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 805 (9th Cir. 2002).

A court may abstain from employing the relief permitted by the UCL if (1) "granting the requested relief would require a trial court to assume . . . or to interfere with the functions of an administrative agency"; (2) "the lawsuit involves determining complex economic policy, which is best handled by the Legislature or an administrative agency"; or (3) "granting injunctive relief would be unnecessarily burdensome for the trial court to monitor and enforce given the availability of more effective means of redress." *Blue Cross of California, Inc. v. Superior Court*, 102 Cal. Rptr. 3d 615, 632 (Cal. Ct. App. 2009) (internal quotation marks omitted).

The regulations governing outdoor advertising in San Francisco (the "City") are comprehensive. A grant of injunctive relief could interfere with the functions of the City's planning department. Furthermore, the City provides a remedy for violations of its planning code through investigation and enforcement by its planning department. *See* S.F. Plan. Code § 601 et seq. Because the City's regulation of outdoor signage is complex, granting injunctive relief would place an

3

unnecessarily heavy burden on the district court to monitor and enforce the City's planning code.

Where a court abstains under the UCL, dismissal with prejudice is appropriate. *See, e.g.*, *Alvarado v. Selma Convalescent Hosp.*, 64 Cal. Rptr. 3d 250, 253, 260 (Cal. Ct. App. 2007) (sustaining demurrer without leave to amend); *Shamsian v. Dep't of Conservation*, 39 Cal. Rptr. 3d 62, 69, 79 (Cal. Ct. App. 2006) (same). Accordingly, the district court did not abuse its discretion in dismissing this action with prejudice.

## II

ADS asserts that this action should have been remanded to state court under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), or otherwise under "general abstention principles."

In *United States v. Morros*, 268 F.3d 695 (9th Cir. 2001), this Court held that abstention is proper under the *Burford* doctrine if three elements are established:

> [F]irst, that the state has chosen to concentrate suits challenging the actions of the agency involved in a particular court; second, that federal issues [cannot] be separated easily from complex state law issues with respect to which state courts might have special competence; and third, that federal review might disrupt state efforts to establish a coherent policy.

4

*Id.* at 705.

California has not chosen to concentrate actions involving outdoor advertising in a particular court. ADS's claims involve questions of local law and not federal issues. Investigation of violations and enforcement of the City's planning code do not present complex issues of state law requiring the special competence of state courts but are rather matters best addressed by city administrators. A state court is no better situated to determine Clear Channel's compliance with the City's ordinances regulating outdoor signage than a federal court. Finally, a determination of ADS's claims by a state court would be equally likely as that of a federal court to frustrate the City's efforts to create a coherent scheme governing outdoor advertising signs.

ADS has additionally failed to identify any "general abstention principles" warranting remand. The district court properly exercised its discretion in denying the motion to remand this matter.

**AFFIRMED.**